UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KENNETH EARL ROBERSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:25-cv-0615-LCB |
| | ) |
| **COCHRAN,** *Officer-Huntsville Police, et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiff Kenneth Earl Roberson's motion for leave to proceed in forma pauperis, in which he seeks leave to file this lawsuit without the prepayment of fees and costs. (Doc. 2). Roberson's affidavit of indigency supports a finding that his motion is due to be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, this case is due to be dismissed without prejudice under § 1915(e)(2)(B), because Roberson's complaint fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Roberson, proceeding pro se, initiated this action by filing a complaint using the Court's standard form entitled "Pro Se General Complaint for a Civil Case." (Doc. 1). However, Roberson's complaint states no cause of action. In the space provided to write "a short and plaint statement of [his] claim," Roberson wrote: "see attachment." (Doc. 1 at 5). But the only attachment to his complaint is a partially

completed civil cover sheet. In the section of the form directing Roberson to list his requested relief, he wrote: "Bases: Right to work-compensatory damages-For the wrongdoers to be removed and cast into the sea. ALL RIGHTS RESERVED!" *Id.* at 5. Roberson has filed nothing else that the Court could construe as a well pleaded complaint.

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain:

2

"(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Because he has alleged no facts, it is unclear what, if any, causes of action Roberson is attempting to assert.  Therefore, the Court finds that Roberson has failed to allege facts that, if true, would entitle him to relief.  Accordingly, this case is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**DONE** and **ORDERED**  April 29, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE